The next case on the calendar is Corbett v. City of New York. Mr. Corbett. Good morning, Your Honor. May it please the Court, my name is Jonathan Corbett and I'm an attorney representing myself in the matter. There are a few times like the present where the need for our Second Amendment rights is so obvious. Right here, right now, in the midst of my family because New York has decided that right is only available to people that deems to have a good reason to exercise it. This case attacks New York's government licensing scheme in three ways and I'll try to very briefly touch on them all. First, I ask the Court to apply real intermediate scrutiny to the questions on the license application. By real intermediate scrutiny, I mean that both the importance of the government's interest and the fit between the objective and the the so-called tailoring is considered by the Court. No one questions the importance of keeping guns out of the hands of dangerous people. The Court below was happy to find it was important. What I'm challenging is the tailoring. The Court below did nothing to examine the tailoring of the three questions that I challenged and that was error. The three questions ask for highly personal information such as medical information. If you have irritable bowel syndrome, you've got to write that down if you're using one of the more common treatments that happens to fall under the category of tranquilizer. If you went and got a penile enlargement or vaginal reconstructive surgery, you've got to write that down on your gun license application because that certainly involved a painkiller during surgery. I should say there's no HIPAA compliance in the NYPD. They have no system of secure system of records. They have no doctors or medical professionals at all evaluating them and they claim that the applications are confidential. Yet my application ended up on a public docket thanks to the city's law department and that's actually common practice. I have a client currently in Kings County Supreme Court challenging an arbitrary revocation of his gun license that he had for 30 years and the city not only uploaded his entire gun license application to the public docket, they also uploaded his tax return that they required him to submit. This guy's taxes are now a matter of public record. These applications are only as private as the city chooses to keep them and so it's important that there be some kind of talent to narrow down the intrusive information. You have one minute left of your initial three. So as far as this first part, all I'm asking is for the court to ask, can the NYPD do a little better on the tailoring? For example, can they limit it to a reasonable date range without harm to their investigation? Can they exclude medicine-taking incidents to surgeries? That, Your Honors, is the tailoring that I speak of and the Constitution requires that under the intermediate scrutiny test. The district court under me should at least consider what talent the Constitution requires for these questions. The second component to my case is the automatic finding of proper cause for retired police officers. So if you're a retired police officer in the city of New York, you automatically get a gun license. They automatically find that you have proper cause and I've made an equal protection challenge to that. If the city wants only people that have a current good reason to have guns and somehow can do that constitutionally, it has to do it evenly for everyone. Most police retirees don't go home at night with any more fear of violence than any rest of us. If the city wants to show that there is some kind of rational reason to treat all retired police officers differently for the purpose of whether they have proper cause to have a gun, they should be able to demonstrate that, but the court below simply concluded without any explanation that I was not similarly situated to retired police because anyone must know that retired police officers are different from everyone else. I'm not sure that's rational. Once you leave the police force, you have the same rights and responsibilities as everyone else. To me, that seems similarly situated. Mr. Kervick, this is Judge Livingston. Could I ask you to address the city's argument that we don't even reach these issues that you've presented in your three minutes because a claim and issue preclusion presents us a substantial barrier to your making these arguments today? Absolutely. Before we concluded in the district court, I filed a motion for leave to amend my complaint to make a facial challenge to New York's gun licensing scheme as well as to add in a Section 1983 damages claim. The 1983 damages were not available in the first action, so preclusion doesn't apply in the state courts. The facial challenge makes it so that there's no transaction or occurrence. Based on the denial of the leave to amend to do that, I don't think that either of those two issues can even arguably apply anymore. As I understand it, adding a request for money damages, according to the city, isn't enough because you can seek damages in a hybrid proceeding. This, in effect, was a hybrid proceeding, both because of the FOIL relief that you were seeking and because you were seeking a declaration in state court that the proper cause requirement is facially unconstitutional. Am I misunderstanding that? Even if some kind of damages are available in New York court, it doesn't really seem that there's a statute that provides that. Maybe there's some kind of case that provides for damages. I'm not sure. The type of the damages are different. There's certainly no damages available against the individual officers who denied my constitutional rights. That difference, for example, makes the damages that I can get under a 1983 claim different and greater than the damages that I could possibly get under anything that I could have done in state court. Of course, that second component, the potential facial challenge to the statute, the city really hasn't come back with any argument as to how that would be precluded. I'll continue on to the third part of the case. The third part is an ask for the court to reverse Kuchelski, which is the Second Circuit case that allowed New York's proper cause requirement to court to sit and not to make that change. I'll move the court for rehearing and back after the panel opinion is issued. I do hope you guys, you justices vote for the end back for hearing. Since Kuchelski, at least three circuit courts, the Seventh, Ninth, and D.C. circuits have struck down similar proper cause laws in their respective jurisdictions, which means there's a circuit split here, meaning some circuits got it wrong. That's a good reason, in my opinion, to have the court get the matter another look, to make sure that the Second Circuit is on the right side. Consider also the Second Circuit's role in the more recent New York State Pistol and Rifle Association case, where the Second Circuit upheld city restrictions on taking guns to ranges. The overwhelming consensus in the legal community is that the Second Circuit absolutely got that one wrong, that they didn't apply the means and scrutiny test properly, and that the Supreme Court would have overturned it. And it seems that even the city and state were convinced of that because they rushed to moot the challenge by undoing, changing the law to remove the restriction that was challenged. Eventually these issues... You have one minute left of your total time. Yeah, eventually the issues in this case will be taken up by the Supreme Court, given that there is a circuit split. And it's worth another look to make sure the Second Circuit got it right before it gets there. Denying gun licenses to every ordinary law-abiding citizen is the total ban that Heller and McDonald prohibited. And I hope to have a chance to convince you of the same during an in-bank proceeding. I thank the court for listening and yield back the rest of my time. Thank you, Mr. Corbett. We'll hear from the City of New York. Good morning, Your Honor. May it please the court, Alina Drucker on behalf of the NYPD Licensing Division. We ask this court to affirm, because Mr. Corbett has already litigated to a final judgment in a court of competent jurisdiction, all of the claims arising out of the NYPD's denial of its application. He can't now revive those claims here, nor can he bring claims that he could have brought in there. I think there's a mistake, Mr. Corbett's understanding about the scope of authority in the state court. The state absolutely can and does, as sort of a fundamental principle, have the ability to review federal claims. Section 1983 claims are regularly litigated in state court in parallel with Article 78 proceedings in a hybrid proceeding and on their own. Mr. Corbett filed a hybrid proceeding, and in a hybrid proceeding, he could have brought a—he already did assert a facial challenge, so I'm not sure how much of that, but he also could have sought money damages. He was actually, even in just the Article 78 component, entitled to significant money damages that were directly related to the Robin Hood Equal Protection Claim, and there's a lot of the Equal Protection Claim already in the state proceeding because his oil litigation, which was his document request, was about seeking documents for himself, about his applications of substantially similar applicants whose applications had been granted and denied. So, it's clear that this was in his mind. Nonetheless, he chose to chart a course in which he didn't pursue those claims there, and having done that, he can't now bring them in federal court. Excuse me. As a matter of comedy. Yes, Your Honor. You have a minute left of your initial three. Thank you. So, fundamentally, I don't think this court ought to or could reach the merits. I'm happy to address them. I think we addressed them in our brief, and I can speak very, very quickly on a couple of points. The first is that I think this is notable that his constitutional claims were actually on better footing in the state court than they are now because, as he acknowledged in our argument, this court would have to go on bonk to reverse Kuchelski, which is a direct precedent on point, and in state court, where he strategically chose in the first instance, that was not binding precedent. And so, he had an opportunity to pursue and did seek leave to appeal to the New York Court of Appeals, and from there, could have sought leave to appeal to the Supreme Court. So, there was a route, an easier route, to adjudicate his claim with fewer obstacles, and that's the route he chose to pursue. And then, when that was unsuccessful, he came to federal court. It's a common strategy, and it's not one the courts should countenance. I think, as well, some misguided arguments as to the actual Second Amendment claims. There was some mention that it is accepted in the legal community that the Second Circuit's decision in Lacerbeau was incorrect. I don't think that is accepted in the legal community. The Supreme Court did not reach the merits of that case because it was mooted before the conclusion, but before the case got to them. But I think that the important point that Mr. Corbett raises with respect to the possibility of a circuit split, that there are cases, plenty of cases, that are well-positioned to resolve any issues, but this case, which has so many procedural obstacles, is not that case. And so, even putting all of that aside, this isn't the candidate to opine on Kachowski. If the court has any questions at all, either on the merits or about preclusion, I'm happy to answer them. In other words, I'm happy to rest on our briefs. This is Judge Sullivan. With respect to your statement that 1983 claims are routinely litigated in state courts, including hybrid Article 78 proceedings, what is the authority you're relying on for the Article 78 or the hybrid Article 78 proceedings? That's Coleman v. Danes? Are there other cases? Yeah, I believe I actually have a footnote in our brief listing, a small sampling of them. I'd ask you also, if you just take a look at the Bronx County Supreme Court docket sheet, you'll see there are hundreds of these. I mean, people bring 1983 cases against the police in state court, at the same time challenging state determination. But I'll say there's Green Materials of Westchester v. Town of Cortland. In that case, the Southern District didn't reach 1983 claims as precluded because there was a decrease. There's a long list of state court decisions, including from the New York Court of Appeals that say, which is, I think, called Fields v. Board of Higher Education. Oh, that one might be the first part, but there's another one. I apologize, Your Honor. That decline, that signs that they're not bound and that preclusion would apply because both those claims can be said there. It's also just a matter of common sense. So, a hybrid Article 78 proceeding is a recognized proceeding in state court. There's the case Leading Age, New York v. Shaw, which is considered a facial check. This is Judge Livingston. And what's the basis? How do we recognize a hybrid proceeding as opposed to a square up Article 78 proceeding? Of course. So, under Article 78 of the CPLR, there's four forms of release available. There are mandamus, or basically a reversal. It looks a lot like an APA proceeding. So, there's a direct challenge to a determination. And then there's other types of release that someone could seek. And for that, they need a plenary action in state court. And so, for a plenary action, it's a civil action. And a plenary action, you can get all of the range of equitable and legal relief available within Supreme Court jurisdiction to grant. And so, in an Article 78 proceeding, and they both will say in the matter of, because that's the Article 78 caption, but you can see from the relief being sought that it's seeking more than is authorized under Article 78. Article 78 only gives jurisdiction to reach certain issues. And here, that was exactly the case because there was not only an Article 78 challenge, they were also seeking basically discovery under state version of FOIA. So, when the court, and I also note too that it's clear when you have a hybrid proceeding because if a court, if a litigant accidentally proceeds only under an Article 78, the court will convert it to a hybrid proceeding and it'll say that right in the decision. The court will say, I'm converting this in order to reach this further release that's being sought. I also think it's notable that in state court, the Article 78 proceeding and hybrid proceeding, that's a single docket number. It's a single filing fee. So, a litigant could, for example, choose to proceed with two separate parallel proceedings and in that case pay separate fees. But what Mr. Corbett chose to do here is he chose to file a hybrid proceeding and he chose to chart a course in which he combined his plenary relief with his Article 78 relief under a single docket before Supreme Court. That's a strategic decision he made. And so, to avoid that, by now saying that the Article 78 is the only release that he was entitled to, could have allowed them a benefit not to have under the court he chose. If the court does not have further questions, I'm happy to answer any others. Otherwise, I'm happy to rest on our braces and ask this court to affirm. Thank you, Ms. Drucker. Mr. Corbett, will he rebuttal? Your Honor, a hybrid proceeding simply means that there are two separate kinds of claims brought in the same action. So, there was... So, Mr. Corbett, could you respond to those cases or that line of authority that Ms. Drucker refers to saying that 1983 cases are done in Article 78 hybrid proceedings? All the time. Your Honor, I can't respond to that because I don't have that information at the tips of my fingers at the moment. I would say that attorneys who pursue 1983 actions typically don't do so in state court. But, I mean, the end result is that this action contained a public records claim, which was not Article 78, and a gun license claim, which was Article 78. If I had filed those as two lawsuits, we wouldn't even be having this discussion. But because I asked the court to adjudicate both at once, the city is basically saying that I could have brought the gun license claim under both Article 78 and ordinary direct review, but I didn't do that. And I should point out that the Kachelski case appeared in... You have one minute left. The Kachelski case appeared in this court from state court. The Kachelski case was started in state Supreme Court in Westchester, appealed up to the Supreme Court Appellate Division, the Court of Appeals declined review, and then he filed an action in district court. So there's really no difference, even if they're trying to say that because I filed a public records claim that I could have asked something different. There's no difference in the way that I pursued this action than Kachelski pursued this action. I believe these claims aren't precluded, and I ask the court to reverse. Thank you, Mr. Corbett. And thank you, Ms. Drecker. We will take the case under advisement. Thank you. Nicely done on both sides.